No. 13053

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

MONTANA DEPARTMENT OF BUSINESS REGULATION,
MILK CONTROL DIVISION, on behalf of the STATE
OF MONTANA, et al.,

Plaintiffs and Appellants,

-vs-

HARTFORD ACCIDENT AND INDEMNITY COMPANY,
a corporation, et al.,

Defendant and Respondent.

---

MONTANA DEPARTMENT OF BUSINESS REGULATION,
MILK CONTROL DIVISION,

Relator and Plaintiff,

-vs-

BEST DAIRY FARMS, a Montana Corporation,

Respondent and Defendant.

---

Appeal from:  District Court of the Eighteenth Judicial District,
          Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

For Appellants:

James H. McFarland argued, Helena, Montana
Geoffrey Brazier argued, Helena, Montana

For Respondents:

Drysdale, McLean & Scully, Bozeman, Montana
James J. Screnar argued, Bozeman, Montana

---

Submitted:  December 10, 1975

Decided: JAN 19 1976

Filed: JAN 19 1976

Thomas J. Kearney
                                              Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a summary judgment entered by the district court in Gallatin County, the Honorable Jack D. Shanstrom presiding. The summary judgment was for defendants in two consolidated cases.

Plaintiff is the Montana Department of Business Regulation, Milk Control Division. Defendants are Best Dairy Farms, a corporation, licensed and bonded as a distributor under the Montana Milk Control Act, and its sureties under the statutory milk distributor's bond.

Plaintiff and certain named milk producers filed suit against Hartford Accident and Indemnity Company and Fireman's Fund under section 27-426,, R.C.M. 1947, to enforce payment to milk producers supplying Best Dairy Farms for their product. Subsequently plaintiff filed suit against Best Dairy Farms and the cases were consolidated for trial. Trial was had without a jury and summary judgment was granted to defendants and the case dismissed on its merits.

During a period between September 1969 and April 1970, an audit of the monthly reports and supporting plant records of Best Dairy Farms was made by auditors of the Board of Milk Control. The results of this audit indicated that the sum of $14,686.40 had been systematically deducted from the payments to 24 producers of Best Dairy Farms, and shown as "miscellaneous dairy charges".

The deductions were based on $0.03 per hundredweight (from $3.00 per hundredweight) on all milk sold by the producers to Best Dairy Farms. The "miscellaneous dairy charges" were in fact an amount agreed to by the producers to rent a machine for packaging milk in one gallon containers in order to meet competition and so that the producers would continue to receive a better price for package milk rather than "cheese milk" which

had a lower price. The packaging machine was leased for $245 per month and the producers orally agreed to pay the lease price by a deduction of the $0.03 per hundredweight. This maneuver, a sort of cooperative venture by the distributor and its producers by oral agreement, was reported as "miscellaneous dairy charges". It is this deduction that the Board determined was a dilution of minimum price paid to the producers and thus a violation. Those deduction were made from May 1965 to the completion of the audit.

Following administrative determinations, the distributor was ordered to repay the total amount of $14,686.40 to the 24 producers. Best Dairy Farms met with the producers and subsequently issued checks to each. Only one producer out of the 24 accepted his refund. The others either cashed the check and wrote out their personal check back to Best Dairy Farms or simply did not pick up their checks. They each felt morally obligated to abide by their original agreement to rent the packaging machine and did not or are not now claiming anything against Best Dairy Farms or its bonding companies.

With this remarkable state of affairs, the Board has pursued the matter all the way to this Court claiming that the "miscellaneous dairy charges" "* * * was nothing more than an artfully contrived subterfuge whereby the primary means of achieving the purpose of the Act were effectively circumvented."

To add more to the puzzle of why the case is here, Best Dairy Farms sold out and is no longer in business. The Board's brief on appeal states that "The end result was that funds to which some producers were entitled under the Act repose among the assets and resources of the distributor and have inured to its benefit, a result which none of its competitors is known to enjoy."

The Board urges two issues on appeal, one of which is controlling. That issue is whether the district court erred in

granting summary judgment and dismissing the case on its merits.

The district court in effect found that there is no justiciable issue presented. No producer, alleged to have been shorted, has filed any claim---although requested to do so as section 27-426, R.C.M. 1947, provides. The sureties are clearly exonerated as provided in section 30-406, R.C.M. 1947, by performance by Best Dairy Farms in complying with the refund order. To find any justiciable issue is like grasping spaghetti. The end result is the same--the distributor paid---the producers, except one---paid back. No one owes anyone anything.

The Board urges "public policy" as requiring it to pursue the matter. The law does not require idle acts, section 49-124, R.C.M. 1947. Nor does it require impossibilities, section 49-123, R.C.M. 1947. It does disregard trifles, section 49-125, R.C.M. 1947. The purpose of the Milk Control Act of providing a continuous source of pure, wholesome milk in the public interest (Title 27, Chapter 4, Revised Codes of Montana, 1947) and to eliminate unfair and demoralizing trade practices in the milk industry has been accomplished. Nothing remains.

Finding no error, the judgment is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 4 -